UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60089-CIV-COHN/Seltzer

BRANDON M BUSLEPP, an individual,
on behalf of himself and all others
similarly situated,

    Plaintiff,,

vs.

B&B ENTERTAINMENT, LLC, a Florida
limited liability company (doing business
as "The Playhouse"),

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss [DE 13], Plaintiff's Response in Opposition [DE 14], and Defendant's Reply [DE 17]. The Court has carefully considered the filings in this action and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff Brandon Buslepp ("Plaintiff") filed this class action for violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges that Defendant B&B Entertainment, which owns and operates an adult nightclub, sent unsolicited commercial text calls to potential customers using an automatic telephone dialing system and without prior express consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).[1] Plaintiff received unwanted commercial text messages from Defendant starting on or about

---

[1] Count I alleges negligent violations of the § 227(b)(1)(A)(iii), while Count II alleges willful violations of the same provision.

October 26, 2011.  Compl., ¶ 13.  The specific text language is recited in paragraph 13 of the Complaint.  Plaintiff alleges that identical text messages were sent to Plaintiff's and other putative class members by Defendant using an automatic telephone dialing system.  Compl., ¶ 14.  Plaintiff further alleges that all the text messages were sent from a telephone number which is owned, assigned, leased, operated or otherwise used by Defendant or its agents for marketing purposes to encourage recipients to purchase of goods or services at Defendant's business.  Id., ¶ 15.  Plaintiff asserts that the majority of the text messages were sent from the 773 area code.  In his class action allegations, Plaintiff alleges that more then forty-one (41) individuals are in the class.  Id., ¶ 18.

Defendant moves to dismiss the Complaint for failure to state a claim.  Plaintiff opposes the motion.

## II.  DISCUSSION

Pursuant to the United States Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), to survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

Defendant contends that Plaintiff has failed to alleged "the requisite who, what,

2

where and when," and does not allege what numbers were called and whether the Defendant ceased communications upon Plaintiff's request.  A TCPA claimant must allege that a defendant initiated a call using an automotive dialing device ("ATDS"), and that prior express consent has not been given.  Defendant argues that Plaintiff's allegation regarding the use of such a device is pure speculation, unsupported by any facts.  However, the allegation that Defendant used such a device (or one that has the capacity to store or produce telephone numbers to be called and to dial those numbers) is a factual allegation under Twombly and Iqbal.  Compl., ¶ 14;  Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951 (9th Cir. 2009) (issue of whether defendant's device is an ATDS is question of fact).

Defendant argues that Plaintiff's complaint fails because it does not provide "specific allegations" as to who Defendant called and when.  The Complaint does provide specific information that Plaintiff was called on or about October 26, 2011 and three other dates.  Id., ¶ 13.  The fact that Plaintiff does not identify the specific telephone number called or the identities of the putative class members is not fatal under Twombly and Iqbal.  Plaintiff has alleged the dates and content of the text messages sent from a 773 telephone number, and that numerous other persons received the same text to their cell phones, and that Plaintiff has never provided his cell phone number to Defendant.  These factual allegations are sufficient to meet plaintiff's obligation to provide the grounds of his entitlement to relief, and provide sufficient notice to Defendant to answer the complaint.[2]  At least one published district court decision, Kramer v. Autobytel, Inc., 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010), reached a

---

[2] Any remaining facts required for Defendant to more specifically identify the text messages can be disclosed during discovery.

similar conclusion based upon similar allegations. Defendant does not cite to any TCPA decisions in support of its argument in favor of dismissal.

### III. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 13] is hereby **DENIED**;

2. Defendant shall file its Answer to the Complaint by May 17, 2012.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of May, 2012.

*James I. Cohn*
JAMES I. COHN
United States District Judge

copies to:

counsel of record on CM/ECF