IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 12-cv-60089-JIC
COHN/SELTZER

BRANDON M. BUSLEPP, an individual, on
behalf of himself and all others similarly situated,
　　　　　Plaintiff,

vs.

B & B ENTERTAINMENT, LLC, a Florida
limited liability company, (doing business as
"The Playhouse"),
　　　　　Defendant.

_____/

## DEFENDANT B&B ENTERTAINMENT, LLC'S NOTICE OF SERVING OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant B&B Entertainment, LLC by and through undersigned counsel, hereby

submits notice of serving its objections and responses to Plaintiff's First Request for Production

("Requests") served on August 10 , 2012.

Dated: August 10, 2012.

Jennifer J. Kramer, Esquire
Florida Bar No.: 736 775
Jennifer J. Kramer, LLC
6111 Broken Sound Parkway NW
The Atrium, Suite 330
Boca Raton, FL 33487
888-974-0009 ext. 101 (telephone line)
561-431-7874 (facsimile)
jjk@jjkramer.com (email)

1

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of this document was sent via U.S. Mail on August 10, 2012 to: Scott D. Owens, Esquire, 664 East Hallandale Beach Blvd., Ft. Lauderdale, Florida 33309.

Jennifer J. Kramer, Esquire

# DEFENDANT B&B ENTERTAINMENT, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

## A.   GENERAL OBJECTIONS

1.      Defendant objects to the Requests on the ground that no time period therein is specified or is excessive.

2.      Defendant objects to the Requests to the extent that such Requests go beyond the intended scope of discovery under the rules governing civil procedure and applicable local court rules.

3.      Defendant objects to the Requests to the extent that such Requests are unreasonably broad and oppressive and impose an undue burden and expense on Defendant.

4.      Defendant objects to the Requests to the extent that such Requests seek information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendant objects to the Requests to the extent such Requests seek documents or information, which may be subject to the claim of privilege, including without limitation, the attorney-client privilege, the attorney work-product privilege, or any other applicable privilege.

6.      Defendant objects to the Requests to the extent that such Requests seek information that constitutes attorney's work product, material prepared in anticipation of trial, or discloses the mental impressions, conclusions, opinions, or legal theories of Defendant's attorneys.

7.      Defendant objects to the Requests to the extent that such Requests seek information regarding trade secrets, proprietary, or other confidential information of Defendant.

8.      To the extent Defendant objects to the Requests as overly broad or unduly burdensome, Defendant stands ready to confer with Plaintiff concerning a reasonable limitation,

if any, on the scope of the Requests.

9.      The response provided herein is based upon information currently available to Defendant through due inquiry.   As Defendant's investigation continues, Defendant will supplement its responses as necessary.

10.     Defendant reserves the right to modify, amend, or supplement the General Objections, Responses, and any additional specific objections, made herein and to seek a motion for protective order if appropriate.

**B.      TERMS AND CONDITIONS**

Subject to the General Objections set forth above, Defendant is responding to the Requests pursuant to the following terms and conditions:

1.      Inadvertent disclosure of information that is confidential, privileged, prepared in anticipation of litigation for trial, or otherwise immune from discovery, shall not constitute a waiver of any privilege or of any ground for objection to discovery with respect to such information contained therein, or the right of the Defendant to object to the use of any such information during any subsequent proceeding.

2.      Defendant's responses to the Requests are not intended to be and shall not be deemed an admission of the matters stated, implied, or assumed by any or all of the specific Requests.

3.      Any disclosure of information hereunder shall not be construed as an agreement or an admission as to the relevance and admissibility of such information.

4.      Defendant reserves the right to supplement its responses as information becomes available to it.

## C.   RESPONSES TO PLAINTIFF BRANDON M. BUSLEPP'S REQUEST FOR PRODUCTION DIRECTED TO DEFENDANT B&B ENTERTAINMENT, LLC

1.   Produce the documents, if any, in your possession, custody or control which were provided to you by the Plaintiff, or which came to you from some other source which bear any or all of the following: (1) Plaintiff's name; (2) Plaintiff's cellular telephone number; (3) Plaintiff's signature.

**Response:** No documents are in Defendant's possession at this time.

2.   Produce the documents you relied on in formulating your belief that the telephone number 954-931-8911 "did not and does not belong to Plaintiff Brandon Buslepp."

**Response:** No documents are in Defendant's possession at this time.

3.   Produce the documents which you contend establish the fact that Plaintiff has ever visited your business establishment, "The Playhouse."

**Response:** No documents are in Defendant's possession at this time.

4.   Produce the documents which you contend establishes that Plaintiff had an "existing business relationship" with you.

**Response:** No documents are in Defendant's possession at this time.

5.   Produce the documents that set forth the "reasonable practices and procedures" you "established and implemented" to "effectively prevent telephone solicitations in violation of the regulations prescribed under the Telephone Consumer Protection Act."

**Response:** No documents are in Defendant's possession at this time.

6.   Produce the list of cellular phone numbers to which text messages were set, during the four-year period immediately preceding the filing of this action, which advertised specials or events at your business establishment, the Playhouse.

**Response:** No documents are in Defendant's possession at this time.





JENNIFER J. KRAMER, LLC
Law Office
6111 Broken Sound Parkway NW • Suite 330 • Boca Raton, Florida, 33487
Telephone: 888-974-4809 • Facsimile: 561-431-7954 • www.jjklawyer.com

Scott Owens, Esquire
664 East Hallandale Beach Blvd.
Ft. Lauderdale, Florida 33309