UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60089-CIV-COHN/SELTZER

BRANDON M BUSLEPP, an individual,
on behalf of himself and all others
similarly situated,

      Plaintiff,

vs.

B&B ENTERTAINMENT, LLC, a Florida
limited liability company (doing business
as "The Playhouse"),

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant B&B Entertainment, LLC's Motion for Summary Judgment [DE 26] ("Defendant's Motion") and Plaintiff's Motion for Summary Judgment or in the Alternative Partial Summary Judgment on the Issue of Prior Express Consent [DE 25] ("Plaintiff's Motion) (collectively Motions for Summary Judgment). The Court has carefully considered the Motions for Summary Judgment, Plaintiff's Response to Defendant's Motion [DE 27], Defendant's Reply to its Motion [DE 35], Defendant's Response to Plaintiff's Motion [DE 34], Plaintiff's Reply to his Motion [DE 36], all of the parties' submissions, and is otherwise fully advised in the premises.

I. BACKGROUND

On January 19, 2012, Plaintiff Brandon Buslepp ("Plaintiff") filed a purported class action against Defendant B&B Entertainment, LLC ("Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). See Complaint [DE 1].

Plaintiff alleges that Defendant, which owns and operates an adult nightclub, sent unsolicited commercial text calls to potential customers using an automatic telephone dialing system and without prior express consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).[1]  Plaintiff contends that he received unwanted commercial text messages from Defendant starting on or about October 26, 2011.  Compl. ¶ 13.  Plaintiff alleges that identical text messages were sent to Plaintiff and other putative class members by Defendant using an automatic telephone dialing system.  Id. ¶ 14.  Plaintiff further alleges that all the text messages were sent from a telephone number which is owned, assigned, leased, operated or otherwise used by Defendant or its agents for marketing purposes to encourage recipients to purchase goods or services at Defendant's business.  Id. ¶ 15.  Plaintiff contends that he has never visited Defendant's business establishment or otherwise provided Defendant with his cellular telephone number.  Id. ¶ 12.

Defendant has moved for summary judgment on the grounds that a $6,000 Offer of Judgment it made pursuant to Federal Rule of Civil Procedure 68 provided Plaintiff the maximum relief possible, thus mooting Plaintiff's claims and divesting this Court of subject matter jurisdiction.  Plaintiff has cross-moved for summary judgment, or alternatively partial summary judgment on the issue of prior express consent.

---

[1] Count I alleges negligent violations of the § 227(b)(1)(A)(iii), while Count II alleges willful violations of the same provision.

II.  DISCUSSION

**A. Legal Standard.**

1. Summary Judgment Motions.

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

As long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911

F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

### 2. TCPA Claims.

The TCPA provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
> . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii). This TCPA provision also applies to text messages. Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952-53 (9th Cir. 2009) (citing In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003)). In order to establish a violation of the TCPA, a plaintiff must demonstrate that a defendant called or texted a number assigned to a cellular telephone service using an automatic dialing system. See Breslow v. Wells Fargo Bank, N.A., – F.2d –, No. 11-22681, 2012 WL 1448444, at *3 (S.D. Fla. Apr. 26, 2012). The TCPA allows a party to sue to recover its "actual monetary loss" or "to receive $500 in damages" per violation. 47 U.S.C. § 227(b)(3)(B). A party may also sue to enjoin violations of the statute. 47 U.S.C. § 227(b)(3)(A), (C). If the plaintiff establishes that the violations were willing or knowing, the plaintiff is entitled to treble damages. 47 U.S.C. § 227(b)(3).

### B. Defendant is not Entitled to Summary Judgment Based Upon its Rule 68 Offer of Judgement.

Defendant argues that it is entitled to summary judgment because Defendant made an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 ("Rule 68 Offer") in the amount of $6,000, the maximum amount that Defendant contends Plaintiff could recover. Defendant's Motion at 7.[2] Specifically, Defendant contends that it offered Plaintiff $1,500, treble damages, for each of the four TCPA violations alleged in the Complaint. Id. Thus, according to Defendant, because it has offered Plaintiff the maximum recovery he could receive, his claims are now moot and this Court is without subject matter jurisdiction. Id. Plaintiff contends that the unaccepted Rule 68 Offer does not moot his claims because the offer "does not provide Plaintiff with all the relief he could possibly recover" and Defendant's "intentional destruction of evidence precludes summary judgment in favor of the Defendant." Plaintiff's Response to Defendant's Motion at 1. For the reasons discussed below, the Court concludes that Defendant's Motion must be denied because the Rule 68 Offer did not moot Plaintiff's claims.

Federal Rule of Civil Procedure 68 provides that:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms,

---

[2] While styled as a motion for summary judgment, the Court notes that Defendant has failed to comply with Local Rule 56.1 which requires that a motion for summary judgment be accompanied by a statement of material fact. Although Defendant's Motion is deficient as a motion for summary judgment, the Court has nonetheless considered the merits of the motion because it is axiomatic that federal courts lack subject matter jurisdiction to entertain moot suits which no longer present an Article III case or controversy. See Nat'l Adver. Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005).

with the costs then accrued.  If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment.

Fed. R. Civ. P. 68(a).  "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." Marek v. Chesny, 473 U.S. 1, 6 (1985). "[A]n offer under Rule 68 must be unconditional in order to be effective."  Bevier v. Blue Cross & Blue Shield of S.C., 337 Fed. Appx. 357, 359 (4th Cir. 2009) (citing Whitcher v. Town of Matthews, 136 F.R.D. 582, 585 (W.D.N.C.1991)). "[O]ffers including only monetary damages but excluding equitable or injunctive relief would ... be inconsistent with" Rule 68.  Id. (internal quotation marks and citations omitted).  Thus, "to allow a plaintiff to only accept the [o]ffers of [j]udgment as to monetary damages would cause [an] action to remain pending as to equitable relief-a result clearly inconsistent with the purpose of the Rule."  Id.

Here, the Rule 68 Offer states that the Defendant "offers to allow a judgment to be entered against it in this action in the amount of six thousand dollars ($6,000.00), including all of Plaintiff's claims for relief."  Offer of Judgment, Exhibit A to Defendant's Motion [DE 26-1] at 1.  The Rule 68 Offer is silent as to whether it includes injunctive relief.  See id.  The Court disagrees with Defendant's argument that "Plaintiff did not ask [for] specific injunctive relief."  See Reply to Defendant's Motion [DE 35] at 3.[3] Plaintiff's Complaint clearly seeks injunctive relief.  See Compl. at 10, 11.  Thus, the Court agrees with Plaintiff that because the Rule 68 Offer does not contain the full relief

---

[3]    To the extent Defendant argues that the Complaint was vague and did not satisfy the pleading requirements of Iqbal and Twombly, the Court already rejected these arguments in its order denying Defendant's Motion to Dismiss [DE 19].

6

sought by Plaintiff, it does not moot Plaintiff's claims.  See Valencia v. Affiliated Grp., Inc., No. 07-61381-CIV, 2008 WL 4372895, at *2 (S.D. Fla. Sept. 24, 2008) (denying motion to dismiss action for lack of subject matter jurisdiction because offer of judgment failed to satisfy plaintiff's demand for declaratory and injunctive relief).

Even if the Rule 68 Offer could be construed to include Plaintiff's claim for injunctive relief, the Court finds that the Rule 68 Offer does not moot Plaintiff's claims for another reason.  The Rule 68 Offer is based upon only four violations of the TCPA. Although the Complaint lists four text messages that Plaintiff claims to have received, the Complaint does not limit the relief sought merely to these messages.  Instead, the Complaint states: "[s]ome examples of the text messages sent by Defendant are referenced below."  Compl. ¶ 13.  Neither party has presented the Court with competent evidence–such as Plaintiff's telephone records–which establishes that Plaintiff received four text messages.  Thus, the Court will deny Defendant's Motion because the Court is unable to determine whether Defendant has offered Plaintiff the maximum monetary relief to which he is entitled.[4]

### **C. Plaintiff's Motion for Summary Judgment or Partial Summary Judgment.**

Plaintiff moves for summary judgment because, under Florida law, Plaintiff could not consent to receipt of text messages delivered by an automatic dialing system. Plaintiff's Memorandum of Law in Support of His Motion for Summary Judgement [DE 25-1] ("Plaintiff's Mem.") at 11.  Alternatively, Plaintiff moves for partial summary

---

[4] Because the Court has determined that Defendant is not entitled to summary judgment (or dismissal for lack of subject matter jurisdiction), the Court does not reach Plaintiff's argument regarding Defendant's alleged destruction of evidence. See Plaintiff's Response to Defendant's Motion at 6-8.

7

judgment on the issue of express consent.  Id. at 15-18.  Defendant opposes Plaintiff's Motion because a "question of fact regarding how many alleged text messages were sent to Plaintiff precludes summary judgment."  Defendant's Response to Plaintiff's Motion at 3.  Defendant also states that summary judgment is inappropriate for the Plaintiff because "Plaintiff has offered no phone records or proof that Defendant sent any text messages to Plaintiff other than the allegations contained in Plaintiff's Complaint."  Id. at 4.  Defendant also contends that Plaintiff has not established whether Defendant's alleged violation of the TCPA was willing and knowing, warranting treble damages.  Id. at 5.  Finally, Defendant argues that summary judgment is inappropriate for the Plaintiff because there is no record evidence that Defendant sent Plaintiff any text message via an automatic telephone dialing system.  Id. at 6.

     As outlined above, to establish a TCPA violation, Plaintiff must demonstrate that the Defendant sent a text message to a number assigned to a cellular telephone service using an automatic dialing system.  See Breslow, 2012 WL 1448444, at *3.  Whether these text messages were sent to Plaintiff with his prior express consent is an affirmative defense.  See id.  Accordingly, the burden of establishing that Plaintiff consented to receive the text messages falls upon Defendant.

     The Court finds that Plaintiff has failed to establish that he is entitled to summary judgment on his TCPA claim.  Plaintiff has failed to establish that texts messages were sent to him via an automatic dialing system, an essential element of a TCPA claim. Plaintiff contends, that based on the deposition testimony of Defendant's corporate representative, Gregory Berger, "[t]he system utilized by B&B to simultaneously deliver hundreds of text messages at the click of a mouse is the quintessential example of an

automatic telephone dialing system." Plaintiff's Mem. at 15.  Plaintiff's Statement of Material Facts [DE 25-2], however, is silent as to how Texthub.com actually delivered text messages to the phone numbers in the database.  Moreover, in his deposition, Mr. Berger testified that he did not know how the text messages were delivered.  Deposition Transcript of Gregory Berger [DE 25-5] at 7:12-14 ("Q. And are you aware of any, do you have any knowledge of how they would have sent the messages out? A. No."). Accordingly, the Court finds the Plaintiff has failed to meet his initial burden of demonstrating a lack of any disputed material fact.  Moreover, as noted above, neither party has provided any competent evidence, such as Plaintiff's telephone records, which would indicate the number of text messages he received.  Thus, the Court finds that Plaintiff is not entitled to summary judgment on his TCPA claim.

Although Plaintiff is not entitled to summary judgment on its TCPA claim, the Court finds that Plaintiff is entitled to partial summary judgment on Defendant's affirmative defense of prior express consent.  The burden of establishing this affirmative defense is squarely upon the Defendant.  See Breslow, 2012 WL 1448444, at *3.  The TCPA exempts those calls "made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A).  "Express consent is [c]onsent that is clearly and unmistakably stated." Satterfield, 569 F.3d at 955 (citations and quotation marks omitted).  Here, Plaintiff has submitted an affidavit that states that he has never visited the Defendant's business establishment, provided Defendant with his telephone number, or otherwise expressly consented to receive text messages from Defendant.  Affidavit of Brandon M. Buslepp [DE 25-3] ¶¶ 3, 5.  In response to this allegation, Defendant has posited only that (1) Defendant has never purchased a list of telephone numbers for marketing text

9

messaging; (2) the telephone numbers in Defendant's possession are not "harvested" randomly; and (3) Defendant only obtains telephone numbers from patrons. Defendant's Affidavit in Opposition to Plaintiff's Motion for Summary Judgment [DE 34-1] ¶¶ 4-6.  Defendant has responded to Plaintiff's sworn statement that he did not expressly consent to receive text messages from Defendant with mere supposition about how it typically receives patron's numbers.  Defendant has failed to adduce any specific evidence which counters Plaintiff's sworn assertion that he did not provide Defendant with his telephone number or otherwise consent to receive text messages. Thus, the Court finds that Plaintiff is entitled to partial summary judgment on Defendant's affirmative defense of prior express consent.

### III.  CONCLUSION

Based on the foregoing, it is **ORDERED and ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment [DE 26] is hereby **DENIED**; and

2. Plaintiff's Motion for Summary Judgment [DE 25] is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. Partial summary judgment is **GRANTED** for Plaintiff as to the issue of prior express consent; and

   b. Plaintiff's Motion for Summary Judgment is **DENIED** in all other respects.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of October, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF